UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LARRY JERRILS,

        Petitioner,                    Case No. 1:07-cv-923

v.                                      Honorable Gordon J. Quist

CARMEN PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.        Factual Allegations

On June 7, 2000, Petitioner Larry Jerrils was convicted by a Kent County jury of first-degree home invasion, MICH. COMP. LAWS § 770.110a(4), and attempted first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.5209(1). He was sentenced on July 20, 2000 to terms of ten to thirty years and five to fifteen years, respectively.

Petitioner appealed his conviction to the Michigan Court of Appeals raising the first two grounds raised in his habeas petition: (1) he was denied a fair trial by the admission of an unconstitutionally suggestive identification, permitted by the ineffective assistance of counsel; and (2) he was denied a fair trial and his right to be presumed innocent when he was paraded in front of the jury while shackled and also was flanked by two guards during trial. The court of appeals affirmed his conviction on December 3, 2002. Petitioner sought leave to appeal to the Michigan Supreme Court, raising only the first of the two grounds raised below. The supreme court denied leave to appeal on September 28, 2004.

On July 14, 2005, Petitioner filed a motion for relief from judgment under MICH. CT. R. 6.500, raising five new grounds for relief: (1) prosecutorial misconduct in mischaracterizing evidence and bolstering witness testimony; (2) clear error by the trial court in failing to correct prosecutorial misconduct, notwithstanding the lack of objection; (3) ineffective assistance of trial counsel in failing to object to prosecutorial error; (4) improper use of the MICH. CT. R. 6.508 standard rather than statutory new trial standard; and (5) improper factual application of cause-and-prejudice standard to the state post-conviction motion. The trial court denied the motion for relief from judgment on August 18, 2005. Petitioner's timely application for leave to appeal to the court

of appeals was denied on January 31, 2007. Petitioner attaches documentation, including prison mail records, indicating that he mailed an application for leave to appeal to the Michigan Supreme Court on February 20, 2007. However, as evidenced in attached correspondence between Petitioner and the court, the Michigan Supreme Court never received an application from him. Petitioner was made aware of this in letters from the Michigan Supreme Court dated July 9, 2007 and July 24, 2007.

## II.  Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application and supporting documentation, Petitioner appealed his conviction to both the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on September 28, 2004. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 27, 2004. Petitioner's statute of limitations therefore began to run on that date and, absent tolling, would have expired on December 27, 2005.

As previously discussed, however, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner properly filed his state-court motion

for relief from judgment on July 14, 2005, 199 days after the statute of limitations began to run. Under the statute, the statute of limitations was tolled as of that date. His post-conviction motion was denied on August 18, 2005, and Petitioner timely sought leave to appeal to the Michigan Court of Appeals, which denied leave on January 31, 2007.

Petitioner contends that he attempted to seek leave to appeal to the Michigan Supreme Court, and the records appear to support his contention that his application was mailed well within the applicable time for seeking leave to appeal. He therefore contends that this Court should construe his claims as exhausted and his habeas petition as timely filed. Specifically, Petitioner argues that his limitations period should have remained tolled until March 28, 2007, the date on which his time for filing an application for leave to appeal to the Michigan Supreme Court expired. If that date is used, Petitioner's application, dated September 1, 2007,[2] was filed nine days before the habeas limitations period would have expired.

It is well established that state post-conviction motions toll the statute of limitations only if they are "properly filed." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* (emphasis in original). An untimely post-conviction petition or appeal is not considered "properly filed" in terms of §2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-15 (2005) (citing *Artuz*, 531 U.S. at 9, and *Carey v. Saffold*, 536 U.S. 214, 225-26 (2002)); *Palmer v. Lavigne*, 43 F. App'x  827, 829 (6th cir. 2002). Here, regardless of the reasons for the failure, no application

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on September 1, 2007, and it was received by the Court on September 17, 2007. Thus, it must have been handed to prison officials for mailing at some time between September 1 and September 17, 2007. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

for leave to appeal to the Michigan Supreme Court ever was filed in that court, either properly or improperly. As a result, the motion for relief from judgment was no longer "pending" within the meaning of 28 U.S.C. § 2244(d)(2) after the Michigan Court of Appeals denied leave to appeal on January 31, 2007. At that time, Petitioner had 166 days remaining in his period of limitations. The limitations period therefore expired on Monday, July 16, 2007. Petitioner's habeas application was not filed in this Court until at least September 1, 2007. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace*, 544 U.S. at 418).

Petitioner appears to claim that he should be entitled to equitable tolling because his application for leave to appeal, while purportedly mailed, was never received by the Michigan Supreme Court, a circumstance beyond his control. The Court will assume for purposes of this analysis that Petitioner has introduced sufficient evidence that he timely mailed his application for leave to appeal. The Court will further assume without deciding that a problem with the delivery

of his mail to the Michigan Supreme Court is the type of extraordinary circumstance beyond Petitioner's control that warrants equitable tolling of the statute of limitations. *See Pace*, 544 U.S. at 418. In addition, the Court will assume that Petitioner acted diligently in inquiring about the status of his application on June 13, 2007, approximately four months after it was mailed. *Id.*; *see also Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002) (holding that petitioner was diligent in waiting nine months after filing to inquire about status of state-court review).

Nevertheless, I conclude that equitable tolling will not rescue Petitioner's untimely petition. Petitioner was aware not later than July 10, 2007 that the Michigan Supreme Court had not received his application. (Pet. Ex. 22: 7/10/07 Letter from Pet. Acknowledging notice from Michigan Supreme Court.) At that time, the law was clearly established that, because he had failed to file a timely application for leave to appeal, his statute of limitations would have begun to run anew on January 31, 2007. Even were some period of tolling warranted in the face of the July 16, 2007 expiration of his statute of limitations, Petitioner has not demonstrated the necessary diligence in filing his petition promptly after learning of the fate of his state-court appeal. Instead, he delayed filing his habeas petition at least another fifty-two days (i.e., over seven weeks), until September 1, 2007. I therefore recommend that the habeas petition be denied as time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 510. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I also recommend that a certificate of appealability not be granted, as jurists of reason would not find it debatable that the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


Dated: November 9, 2007    /s/ Hugh W. Brenneman, Jr.
                           HUGH W. BRENNEMAN, JR.
                           United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).