UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JERRILS,

        Petitioner,               Case No. 1:07-CV-923

v.                                      HON. GORDON J. QUIST

CARMEN PALMER,

        Respondent.
                              /

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

Before the Court are Larry Jerrils' ("Petitioner") objections to the Magistrate Judge's Report and Recommendation issued on November 9, 2007. In that report, the magistrate determined that Petitioner's Petition for Writ of Habeas Corpus is barred by the one-year statute of limitations. After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted as the Opinion of this Court.

### II. Statement of Facts

A Kent County Circuit Court jury found Petitioner guilty of first-degree home invasion in violation of M.C.L. § 770.110a(4), and attempted first-degree criminal sexual conduct in violation of M.C.L. § 750.5209(1). The Michigan Court of Appeals affirmed his conviction on appeal. The Michigan Supreme Court denied leave to appeal on September 28, 2004.

On July 14, 2005, Petitioner moved the trial court for relief from judgment under M.C.R. 6.500. That motion was denied, and Petitioner sought leave to appeal its denial. On January 31,

2007, the Michigan Court of Appeals denied Petitioner's application for leave to appeal. Petitioner claims that on February 20, 2007, he mailed an application for leave to appeal to the Michigan Supreme Court. However, on July 9, 2007, the Michigan Supreme Court informed Petitioner that it never received his application. Petitioner filed his habeas petition in this Court, at the earliest, on September 1, 2007.[1]

### III. Report and Recommendation

The magistrate concluded that Petitioner's claim was barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") places a one-year statute of limitations on the filing of a § 2254 petition. Under the AEDPA, the limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Additionally, the one-year limitations period is tolled while a petitioner seeks post-conviction relief in the state system. 28 U.S.C. § 2244(d)(2).

The magistrate determined that Petitioner's conviction became final on December 27, 2004, ninety days after the Michigan Supreme Court denied his application for leave to appeal. *See Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc), *cert. denied sub nom. Caruso v. Abela*, 541

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). In this case, Petitioner's habeas petition was dated September 1, 2007, and filed by this Court on September 17, 2007.

U.S. 1070, 124 S.Ct. 2388 (2004). As a result, the original deadline for his § 2254 petition was December 27, 2005. However, the magistrate concluded that the limitations period was tolled beginning on July 14, 2005, 199 days after it began, upon Petitioner's state court motion for relief from judgment. The Michigan Court of Appeals denied Petitioner's application for leave to appeal its decision on his motion for relief from judgment on January 31, 2007. It is undisputed that the Michigan Supreme Court never received, and thus never filed, petitioner's application for leave to appeal the denial of his motion. As such, the magistrate concluded that Petitioner's post-conviction relief was no longer pending – and tolling ceased – once the Michigan Court of Appeals denied Petitioner's application for leave to appeal on January 31, 2007. From that point, Petitioner had until July 16, 2007, to file his § 2254 petition. Petitioner did not file his Petition until September 1, 2007.

The magistrate next considered whether the Court should apply equitable tolling to excuse Petitioner's failure to file his petition within the allotted time. Petitioner argued that equitable tolling should apply because he thought his application for leave to appeal was pending with the Michigan Supreme Court and because he acted diligently in filing his habeas petition upon discovering that the Michigan Supreme Court never received his application. The magistrate concluded that equitable tolling did not apply because Petitioner did not act diligently in pursuing his rights. The magistrate determined that Petitioner was aware that the Michigan Supreme Court did not receive his application on July 10, 2007. However, Petitioner waited fifty-two days to file his habeas petition in this Court. Therefore, the magistrate concluded that Petitioner's fifty-two day delay exhibited a lack of diligence barring application of the equitable tolling doctrine.

### IV. Analysis

In his objections to the report and recommendation, Petitioner makes two arguments: (1) that the statute of limitations should have been tolled until he discovered that the Michigan Supreme

3

Court did not receive his application for leave to appeal; and (2) that his fifty-two day delay in filing the petition was not sufficiently extraordinary to bar application of the equitable tolling doctrine. Petitioner's first objection is without merit because the statute of limitations is only tolled when a post-conviction motion for relief has been "properly filed." 28 U.S.C. § 2244(d)(2). An application is not properly filed until it is "delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 363 (2000). Therefore, regardless of whether Petitioner mailed the application, it was not properly filed until it was received by the Michigan Supreme Court. Because the Michigan Supreme Court never received his application, it was not properly filed and did not act to toll the statute of limitations. Thus, the statute of limitations ceased tolling on January 31, 2007, and his deadline to file this petition was July 16, 2007.

Next, Petitioner argues that the Court should apply equitable tolling to save his untimely claim. Equitable tolling should only be granted sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). In determining whether the statute of limitations should be tolled, courts weigh several factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *Id.* These factors are not exhaustive, nor are each of the factors relevant in all cases. *Id.*

The primary factor applicable in the present case is whether Petitioner was diligent in pursuing his rights. Assuming he was diligent in pursuing his claim at the state level, as did the magistrate, the relevant question is whether Petitioner acted diligently upon learning on July 10, 2007, that the Michigan Supreme Court did not receive his application for leave to appeal. At that

4

point, the law was clear that the statute of limitations was set to expire on July 16, 2007. However, Petitioner waited another fifty-two days to file his habeas petition in this Court.

In assessing Petitioner's diligence, the Court should consider the length of the delay and the reasons for the delay. In *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), the United States Court of Appeals for the Sixth Circuit held that a petitioner was not acting diligently when he waited three months past the statute of limitations with no explanation for the delay. *Id.* at 1010. In contrast, the Sixth Circuit has held that a petitioner was acting diligently when he filed his petition within three weeks of learning that his state court petition, which he though was still pending, was no longer pending. *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002). Admittedly, Petitioner was diligently pursuing his rights until he learned of the error regarding his application. At that point, he was aware of the deadline, yet waited fifty-two days beyond the deadline to file the petition. Although fifty-two days is not excessively long, Petitioner offers no reason why he was unable to file his petition sooner. In fact, when Petitioner did file his petition, his supporting argument was simply an attachment of the same brief he used in the state court proceedings. It is not apparent to the Court why Petitioner had to wait fifty-two days beyond the deadline simply to file the same brief he already had prepared. Therefore, the Court determines that because Petitioner was not diligent in filing his habeas petition, equitable tolling does not save Petitioner's claim. Thus, the petition is barred by the one-year statute of limitations.

## V. Certificate of Appealability

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

### VI. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Magistrate Judge's report and recommendation issued on November 9, 2007 (docket no. 4), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** and that a certificate of appealability is **DENIED** by this Court.

This case is **concluded**.


Dated: January 3, 2008                              /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE